## CIRCUIT COURT OF FAIRFAX COUNTY

Moore

v.

Dallas Corp. et al.

March 24, 1989

Case No. (Law) 81223

By JUDGE JACK B. STEVENS

The Court has had under advisement the Motion for Summary Judgment by the defendant, Overhead Door Company, as to Count III (Breach of Implied Warranties), Count IV (Negligence), and Count VI (Strict Liability in Tort).

Defendant's motion is based upon (1) the action being barred by § 8.01-250, Code of Virginia (1950), as amended, (Count III); (2) that the plaintiff was contributorily negligent as a matter of law (Count IV); and that Virginia does not recognize an action based upon strict liability in tort (Count VI).

Defendant's Motion as to Count III is denied. *Cape Henry Towers, Inc. v. National Gypsum Company*, 229 Va. 596 (1985), cited by both parties is dispositive of the issue. As *Cape Henry* points out, the amendment to § 8.01-250 in 1973 excluded manufacturers or suppliers of machinery and equipment from the protection of the statute. While Overhead argues that it simply supplied and installed "construction material (a common garage door)" and construction material was held to be protected by § 8.01-250 in *Cape Henry*, the Court is of the opinion that the garage door and associated mechanisms involved here is more

properly categorized as "equipment and machinery" and thus not covered by § 8.01-250.

Defendant's Motion as to Count IV is also denied. The Court does not agree that reasonable men could not differ as to the conclusion to be reached by the plaintiff's admission that he has read the Sear's instruction manual furnished with the automatic garage door opener he was attempting to install. The same is true of the alternative assertion that plaintiff assumed the risk. As such, Overhead's assertions are questions for the jury. *Stevens v. Ford Motor Co.*, 226 Va. 415 (1983).

Defendant's Motion as to Count VI is granted. With the exception of inherently and ultrahazardous activities and statutory mandates, which plaintiff points out, the Court is not cognizant of any case that holds or statute that mandates that defendant, Overhead, can be held liable in Virginia under the doctrine of strict liability. Any doubt concerning the point is resolved by noting that able counsel for the plaintiff has not cited any such authority but instead argues that the "clear trend in other jurisdictions" calls for application of the doctrine here.